**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN OLGUIN-HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI-MENDOTA,<br><br>Respondent. | Case No. 1:23-cv-1088 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>(Docs. 10, 18) |

Juan Olguin-Hernandez is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that he "earned time credits ('ETCs') which, under the First Step Act, entitle him to immediate transfer into supervised release or pre-release custody, however, the BOP refuses to enable him to apply his ETCs because he has an immigration detainer…." (Doc. 1 at 6.) Respondent moves to dismiss the petition, arguing Petitioner did not exhaust his administrative remedies and that he is "jurisdictionally and statutorily barred from [First Step Act earned time credit] sentence-offsets due to the final order of removal from another federal court." (Doc. 10 at 1, 3.)

The magistrate judge observed that "[a]ccording to BOP records, Petitioner has been determined ineligible to apply FSA time credits to his sentence, not because of an immigration detainer, but because he is subject to a 'final order of removal.'" (Doc. 18 at 2.) The magistrate

1

1   judge noted the final order of removal was filed under seal with the Court. (*Id.*) In addition, the
2   magistrate judge found Petitioner did not exhaust his administrative remedies, and that had he
3   done so "the BOP would have advised him of his immigration status and his ineligibility for
4   application of FTCs pursuant to 18 U.S.C. § 3632(d)(4)(E)(i)." (*Id.* at 4.) Thus, the magistrate
5   judge recommended the petition be dismissed. (*Id.*)

6   Petitioner filed objections to the Findings and Recommendations, asserting that he did not
7   see an immigration judge, and only had an "interview" with an Immigration representative who
8   inquired whether Petitioner wanted to "have an expedited removal." (Doc. 20 at 2.) He contends
9   "nothing more than a 'notice' was filed not a 'final order of removal' by an Immigration Judge."
10  (*Id.* at 1.) He asserts that "[e]ven if a final order of removal was filed this would violate
11  Petitioner's due process rights in the immigration process." (*Id.*) Petitioner maintains that "[t]he
12  petition should not be dismissed and a copy of the actual final order of removal is necessary."
13  (*Id.* at 2.) Petitioner also requests a copy of the order and suggests sanctions should be imposed
14  for Respondent's failure to provide him a copy of the final order of removal. (Doc. 22.)

15  Significantly, the record before the Court establishes that Petitioner was the subject of a
16  "Notice and Order of Expedited Removal" dated June 26, 2023. (*See* Doc. 18 at 2; Doc. 24[1].)
17  The Ninth Circuit explained, "Expedited removal proceedings involve, as the name suggests, a
18  streamlined process through which certain non-citizens … may be removed from the United
19  States *without a hearing before an immigration judge*." *Alvarado-Herrera v. Garland*, 993 F.3d
20  1187, 1190 (9th Cir. 2021), citing 8 U.S.C. § 1225(b)(1) (emphasis added). Further, "[e]xpedited
21  removal orders are entered by DHS immigration officers, *not by immigration judges*. *Id.*
22  (emphasis added). Thus, although Petitioner protests that he did not see an immigration judge—
23  and suggests there is no removal order as a result—the expedited process did not require an
24  immigration judge to enter the final order of removal. 8 U.S.C. § 1225(b)(1)(A)(i) (noncitizens
25  subject to removal orders are not afforded a hearing before an immigration judge or review of the
26  removal order).

---

[1] The Court received a copy of the "Notice and Order of Expedited Removal" with Respondent's request to seal the document on January 14, 2024. (Doc. 14; *see also* Doc. 18 at 2.) However, the sealed document was not docketed until April 11, 2024. (Doc. 24.)

To the extent Petitioner now asserts that he suffered a due process violation with the expedited removal process, the Court is not required to consider arguments raised for the first time in objections. *See Syed v. M-I, L.L.C.*, 2014 WL 6685966, at *7 (E.D. Cal. Nov. 26, 2014) ("A district court has discretion to consider or decline new arguments raised for the first time in an objection to a findings and recommendations") (citing *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002)); *Beckley v. Berryhill*, 2019 WL 521580, at *2 (C.D. Cal. Feb. 8, 2019) (declining to consider an argument raised for the first time in the plaintiff's objections to a magistrate judge's recommendation). Regardless, Petitioner's constitutional challenge to the expedited removal order also fails. *See Mendoza-Linears v. Garland*, 51 F.4th 1146, 1160 (9th Cir. 2022) (finding it "unambiguously clear" that "judicial review of constitutional challenges to expedited removal orders" is barred).

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. The Court declines to issue sanctions for Respondent's failure to serve the sealed final removal order upon Petitioner with the motion, because Petitioner is not entitled to review of the removal order and did not suffer any prejudice in this action from the initial lack of access to the document. *See* 8 U.S.C. § 1225(b)(1)(A)(i); *Mendoza-Linears*, 51 F.4th at 1160.

In the event a notice of appeal is filed, a certificate of appealability will not be required because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on January 31, 2024 (Doc. 18) are **ADOPTED** in full.
2. Respondent's motion to dismiss (Doc. 10) is **GRANTED**.
3. The petition for writ of habeas corpus is **DISMISSED**.

4.  Petitioner's request for sanctions (Doc. 22) is **DENIED**.

5.  The Clerk of Court is directed to enter judgment and close the case.

In the event a notice of appeal is filed, no certificate of appealability is required.

IT IS SO ORDERED.

Dated:   **April 17, 2024**

UNITED STATES DISTRICT JUDGE